**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**SHARON PRICE,**

      **Petitioner,**

**v.**                                     **Case No. 4:13cv652-WS/CAS**

**FLOURNOY, Warden,**

      **Respondent.**

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

On November 25, 2013, Petitioner Sharon Price, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Doc. 1.  At the time, Petitioner was incarcerated at the Federal Correctional Institution in Tallahassee, Florida.  *See id.*

After direction by this Court, Petitioner filed an amended § 2241 petition and a supporting memorandum on January 30, 2014.  Docs. 6 and 7.  Petitioner asserted entitlement to proceed under the savings clause and challenges to her conviction for conspiracy.  Doc. 6 at 2-5, Doc. 7.

On April 15, 2014, Respondent filed a response, with exhibits, to the amended petition.  Doc. 10.  Petitioner did not file a reply, though given the opportunity to do so. *See* Doc. 8.

On August 18, 2014, Petitioner filed a "Placeholder Motion for Writ of Habeas Corpus."  Doc. 12.  And then, on August 25, 2014, without seeking leave from the Court to do so, Petitioner filed a second amended § 2241 petition.  Doc. 13.  Thereafter, Petitioner filed notices reflecting her change of address, with the most recent notice indicating she is currently housed at SCP Aliceville in Alabama.  Doc. 16; *see* Docs. 14 and 15.

Respondent has filed a response, with exhibits, to Petitioner's placeholder motion and second amended § 2241 petition.  Doc. 18.  Petitioner has filed a reply.  Doc. 20.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration, the undersigned concludes that Petitioner has not demonstrated entitlement to proceed under § 2241 and, accordingly, this action should be dismissed.

## Background and Procedural History

On March 30, 2006, in case number 6:04cr195-WSS, a jury in the United States District Court for the Western District of Texas (Waco) found Petitioner Price guilty of conspiracy to commit money laundering, a violation of 18 U.S.C. § 1956(h).  *See* United States v. Price, PACER Criminal Docket for 6:04cr195-WSS.  In June 2006, that court adjudicated Price guilty and sentenced her to 235 months in prison, followed by 3 years of supervised release, as well as a $20,000 fine.  *Id.* Doc. 422.  Price appealed her conviction and sentence to the Fifth Circuit Court of Appeals, which affirmed the case on June 18, 2007.  United States v. Price, 231 F. App'x 356 (5th Cir. 2007).  Price

sought review in the U.S. Supreme Court, which denied her petition for certiorari on October 29, 2007.  United States v. Price, 6:04cr195-WSS, Doc. 463.

On November 5, 2008, in the U.S. District Court for the Western District of Texas, Price, proceeding pro se, filed a motion for modification or reduction of her sentence based on an intervening post-sentence change in the U.S. Sentencing Guidelines pertaining to corollary criminal history category (Amendment 12).  *Id.* Doc. 467.  By order dated January 16, 2009, the court denied that motion.  *Id.* Doc. 469.

On December 29, 2008, Price filed, in the U.S. District Court for the Western District of Texas, a motion to vacate sentence pursuant to 28 U.S.C. § 2255 and raised eleven grounds, including applicability of United States v. Santos, 553 U.S. 507 (2008). *Id.* Doc. 468.  In an order rendered May 12, 2009, the court denied and dismissed the motion as time-barred.  *Id.* Doc. 471.  Price filed a motion for reconsideration, which the court denied.  *Id.* Doc. 472.  Price sought to appeal, and the Fifth Circuit denied a certificate of appealability.  *Id.* Doc. 530.

Thereafter, Price filed a series of other motions and petitions, seeking to reduce her sentence.  *See id.* Docs. 536, 537, 538, 550, 551, 558, 559.  None have been successful.

As indicated above, on November 25, 2013, Price filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court.  Doc. 1.  She subsequently filed an amended § 2241 petition and a supporting memorandum, asserting entitlement to proceed under the savings clause and raising challenges to her conviction for conspiracy.  Doc. 6 at 2-5, Doc. 7.  After Respondent had filed a response, with exhibits,

to the amended petition (Doc. 18), Price filed a "Placeholder Motion for Writ of Habeas Corpus" (Doc. 12) as well as a second amended § 2241 petition (Doc. 13).  Respondent has filed a response to the placeholder motion and second amended petition.  Doc. 18.  Petitioner has filed a reply.  Doc. 20.

## <u>Analysis</u>

The Judiciary Act of 1789 granted federal courts the power to issue the writ of habeas corpus.  *See* <u>United States v. Hayman</u>, 342 U.S. 205 (1952).  The habeas remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States."  As noted in <u>Hayman</u>, prisoners must bring habeas corpus applications in the district of confinement.  342 U.S. at 213.  Because courts with federal prisons in their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28.  *See* <u>Hayman</u>, 342 U.S. at 212–14, 218; *see also* <u>Wofford v. Scott</u>, 177 F.3d 1236, 1239 (11th Cir. 1999).

The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute channels challenges to the legality of the imposition of a sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement.  *See* <u>Antonelli v. Warden, U.S.P. Atlanta</u>, 542 F.3d 1348,

1351–52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990)

(explaining § 2255 is primary method of collateral attack on federally imposed

sentence).  Thus, § 2241 provides an avenue for challenges to matters such as the

administration of parole, prison disciplinary actions, prison transfers, and certain types

of detention.  See Antonelli, 542 F.3d at 1352 (petition challenging decision of federal

Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371

F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly

brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000)

(petition challenging Bureau of Prisons' administration of service credits, including

calculation, awarding, and withholding, involves execution rather than imposition of

sentence, and thus is matter for habeas corpus).

A collateral attack on the validity of a federal conviction and sentence is properly

brought under 28 U.S.C. § 2255 in the district of conviction.  See, e.g., Antonelli, 542

F.3d at 1351-52; Sawyer v. Holder, 326 F.3d 1353, 1365 (11th Cir. 2003); Jordan, 915

F.2d at 629.  The Eleventh Circuit has explained:

> In general, a federal prisoner seeking to challenge the legality of his
> conviction or sentence has two bites at the apple: one on direct appeal,
> and one via a § 2255 motion.  In the interests of finality, the law generally
> bars prisoners from filing second or successive § 2255 motions, except
> when "certified as provided in section 2244[(b)(3)(A)] by a panel of the
> appropriate court of appeals to contain" either "newly discovered
> evidence" of actual innocence or "a new rule of constitutional law, made
> retroactive to cases on collateral review by the Supreme Court, that was
> previously unavailable."  See 28 U.S.C. § 2255(h); Gilbert, 640 F.3d at
> 1309.  This bar on second or successive motions is jurisdictional.

Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1339 (11th Cir. 2013). "A

petitioner who has filed and been denied a previous § 2255 motion may not circumvent

the successive motion restrictions simply by filing a petition under § 2241."  Darby v.

Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005) (citing Wofford, 177 F.3d at 1245);

see, e.g., Antonelli, 542 F.3d at 1351.

> Title 28 U.S.C. § 2255(e) provides in pertinent part:
>
> An application for a writ of habeas corpus in behalf of a prisoner who is
> authorized to apply for relief by motion pursuant to this section, shall not
> be entertained if it appears that the applicant has failed to apply for relief,
> by motion, to the court which sentenced him, or that such court has denied
> him relief, *unless it also appears that the remedy by motion is inadequate
> or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added); Wofford, 177 F.3d at 1238 (quoting § 2255 with

added emphasis).  The italicized language, known as the "savings clause," allows

review of a claim barred as successive under § 2255, but only in limited circumstances:

> The savings clause of § 2255 applies to a claim when: 1) that claim is
> based upon a retroactively applicable Supreme Court decision; 2) the
> holding of that Supreme Court decision establishes the petitioner was
> convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed
> such a claim at the time it otherwise should have been raised in the
> petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.  Failure to meet a single prong means a petitioner's claim

fails.  *See* Wofford, 177 F.3d at 1244; Flint v. Jordan, 514 F.3d 1165, 1168 (11th Cir.

2008).  "The applicability of the savings clause is a threshold jurisdictional issue . . . ."

Williams, 713 F.3d at 1337.

> In this case, as indicated above, after Price filed a § 2241 petition and an

amended petition, and after the Government filed a response, Price filed a "Placeholder

Motion for Writ of Habeas Corpus." Doc. 12.  In this motion, Price states that the

Eleventh Circuit is reviewing Spencer v. United States, 727 F.3d 1076 (11th Cir. 2013),

and Price "would be entitled to relief under Spencer if the court, en banc, allows the

decision to stand as it was originally filed." *Id.* at 1.  Price further states that if the

Spencer decision is overturned, she "may still have a claim under Bryant v. Warden,

738 F.3d 1253 (11th Cir. 2013)." *Id.*  Price therefore filed the motion "[t]o preserve her

rights, within the time limits of the U.S. Supreme Court's decision in Alleyne v. United

States, 133 S. Ct. 2151 (2013), in conjunction with Spencer and Bryant." *Id.*  Shortly

thereafter, Price filed a second amended § 2241 petition.  Doc. 13.

In her second amended § 2241 petition, Price raises the following grounds:

(1) "Government didn't prove money laundering with proceeds narrowing defined profits," explaining that "drugs where [sic] fronted, how could money given to Price to buy cars be profits when the drugs weren't paid for?" Doc. 13 at 3.

(2) "Money laundering statute term [']proceed['] ambiguous" where "money giving [sic] to purchase vehicle could not [have] involved profits rather than gross receipt." *Id.*

(3) "All elements of money laundering wasn't [sic] proven," where "it's not enough for the Government to merely prove that a transaction had a concealing effect or structured to conceal." *Id.* at 4.

(4) "Dollar amount wasn't beyond a reasonable doubt to the jury," where there "were no receipts to show amount that was given to Price, showing agreement of funds received by Mr. Castillio." *Id.*

(5) "Enhancements where [sic] not proven beyond a reasonable [doubt] to a jury," where "the PSI was quoted and the judge made the determination even though [Price] disagreed with the enhancement." *Id.* at 5.

As relief, Price asks that her conviction be vacated and the case remanded "for proper sentencing." *Id.* at 6. Price thus challenges the validity of her conviction and sentence, not the execution thereof. Such a challenge is properly brought pursuant to § 2255, not pursuant to § 2241. *See, e.g.*, Antonelli, 542 F.3d at 1351-52; Sawyer, 326 F.3d at 1365; Jordan, 915 F.2d at 629.

Further, Price's second amended § 2241 petition is an attempt to circumvent the restrictions on successive § 2255 motions. As indicated above, Price previously filed a § 2255 motion raising eleven grounds, which the district court denied and dismissed, and the Fifth Circuit denied a certificate of appealability when Price sought to appeal. Because Price has already filed a § 2255 motion, she cannot circumvent the statutory restriction on successive § 2255 motions by filing a § 2241 petition. To proceed under § 2241, Price has to show that § 2255 is "inadequate or ineffective" to challenge the legality of her detention. 28 U.S.C. § 2255(e).

In particular, as the Government points out, in her second amended § 2241 petition, Price does not identify how she satisfies the Wofford test. In her "Placeholder Motion," Price relies on decisions in Alleyne v. United States, 133 S.Ct. 2151 (2013), Spencer v. United States, 727 F.3d 1076 (11th Cir. 2013), and Bryant v. Warden, 738 F.3d 1253 (11th Cir. 2013). *See* Doc. 12; *see also* Doc. 18. After Price filed the "Placeholder Motion," the Eleventh Circuit vacated the panel decision in the Spencer case cited by Price, and the court issued an en banc opinion affirming the denial of the motion to vacate sentence. Spencer v. United States, 773 F.3d 1132 (11th Cir. 2014) (en banc). As the Government indicates, Price's reliance on these cases is misplaced.

*See* Doc. 18 at 2, 7-8.  Price replies that the execution of her sentence "is exactly the validity at issue," the savings clause is available in this case, and she is entitled to relief based on Alleyne.  Doc. 20.

In Alleyne, the U.S. Supreme Court held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury" and found beyond a reasonable doubt, consistent with Apprendi v. New Jersey, 530 U.S. 466 (2000).  Alleyne, 133 S.Ct. at 2155.  Just as the Eleventh Circuit held Apprendi not applicable retroactively on collateral review, the Eleventh Circuit has held Alleyne does not apply retroactively on collateral review.  Jeanty v. Warden, FCI-Miami, 757 F.3d 1283, 1285-86 (11th Cir. 2014); *see* McCoy v. United States, 266 F.3d 1245, 1256-58 (11th Cir. 2001).  Therefore, with respect to her reliance on Alleyne, Price has not satisfied the first prong of the Wofford test.

In addition, the remaining decisions relied on by Price were decided by the Eleventh Circuit, not the U.S. Supreme Court and thus also do not satisfy the first prong of the Wofford test.  *See* Spencer, 773 F.3d at 1132; Bryant, 738 F.3d at 1253.  Moreover, Spencer involved a timely filed § 2255 motion and did not involve or address the savings clause.  773 F.3d at 1132-44.  In Spencer, the Eleventh Circuit, sitting en banc, held that a federal prisoner may not relitigate, in a collateral attack based on the intervening decision in Begay v. United States, 553 U.S. 137 (2008), an alleged misapplication of the advisory guidelines.  Spencer, 773 F.3d at 1135.  The court explained Spencer's sentence "was and is lawful" as it "does not exceed the statutory maximum," and "there has been no 'complete miscarriage of justice.'"  *Id.* at 1144.

In Bryant, the Eleventh Circuit held that the § 2241 petitioner had satisfied the savings clause requirements, vacated the district court's dismissal of his petition, and remanded with instructions, where petitioner established a pure § 924(e)-Begay error and his 235-month sentence for a conviction under 18 U.S.C. § 922(g) exceeded the 10-year statutory maximum penalty authorized by 18 U.S.C. § 924(a).  738 F.3d at 1256-57.  Here, however, the only U.S. Supreme Court decision Price identifies – Alleyne – does not apply retroactively to cases on collateral review, and Price has not identified any change in precedent applicable to her sentence.

To the extent Price may be relying here on the U.S. Supreme Court decision in Santos, such reliance is also misplaced.  See Docs. 1, 6, 10.  As indicated above, Price cited the Santos case in support of her § 2255 motion.  The court denied and dismissed that motion as time-barred, and also addressed Price's reliance on Santos, finding that even if that case "recognizes an applicable new right, the right has not been made retroactive by the Supreme Court in the Santos case or any subsequent cases."  Price v. United States, 6:04cr195-WSS, Doc. 471 (order dated May 11, 2009, denying § 2255 motion).

Moreover, in Santos, the U.S. Supreme Court held that, in a money laundering case based on the operation of an illegal lottery, "proceeds" is intended to mean the "profits" of the enterprise, not simply the "receipts."  553 U.S. at 513-21.  Price's money laundering conviction was based on proceeds from a drug operation, however, not an illegal lottery.  See United States v. Demarest, 570 F.3d 1232, 1242 (11th Cir. 2009) (explaining "[t]he narrow holding in Santos, at most, was that the gross receipts of an

unlicensed gambling operation were not 'proceeds' under section 1956, but there is no evidence that the funds Demarest laundered were gross receipts of an illegal gambling operation," rather "[t]he evidence instead established that the laundered funds were the proceeds of an enterprise engaged in illegal drug trafficking"); Wilson v. Roy, 643 F.3d 433, 437 n.3 (5th Cir. 2011) ("[I]n this case, which involves laundering the proceeds of the sales of illegal drugs, Santos does not have the effect of undermining [the petitioner's] money laundering conviction, and thus [the petitioner] cannot satisfy the requirement that he may have been convicted of a nonexistent offense.").  Notably, Price has previously sought to proceed under § 2241 based on Santos, and her petition was dismissed for lack of jurisdiction.  Price v. Keffer, No. 4:12cv215-Y, 2012 WL 3596959 (N.D. Texas Aug. 21, 2012) (order  adopting report and recommendation and dismissing § 2241 petition), *adopting* Price v. Keffer, No. 4:12cv215-Y, 2012 WL 3590832, at *2 (N.D. Texas July 17, 2012) (report and recommendation of magistrate judge which explained, among other things, "although the Fifth Circuit has since held Santos applies retroactively to cases on collateral review for purposes of the savings clause, petitioner cannot satisfy the requirement that she may have been convicted of a nonexistent offense" where her case "involves laundering the proceeds of the sale of illegal drugs" and "[u]nder these circumstances, the Fifth Circuit has held that 'proceeds' means 'receipts' rather than 'profits,' and 'Santos does not have the effect of undermining' a petitioner's money laundering conviction").

Based on the foregoing, Price has not shown her claims are based on a retroactively applicable U.S. Supreme Court decision and, therefore, she cannot "open

the portal to a § 2241 proceeding" by satisfying the <u>Wofford</u> test.  Accordingly, her

§ 2241 petition should be dismissed for lack of jurisdiction.

### Conclusion

In summary, review under § 2241 appears unavailable because Petitioner

challenges the validity of her sentence, not the execution thereof.  Further, this § 2241

petition is an attempt to circumvent the restrictions on successive § 2255 motions and

the savings clause does not apply.  Therefore, it is respectfully **RECOMMENDED** that

the second amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241

(Doc. 13) be **DISMISSED** and all pending motions **DENIED as moot**.

**IN CHAMBERS** at Tallahassee, Florida, on February 24, 2015.

<u>S/   Charles A. Stampelos</u>
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO PARTIES

**Within fourteen (14) days after being served with a copy of this report and
recommendation, a party may serve and file specific, written objections to the
proposed findings and recommendations.  A party may respond to another
party's objections within fourteen (14) days after being served with a copy
thereof.  Failure to file specific objections limits the scope of review of proposed
factual findings and recommendations.**